UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRISWELL COLLEGE,<br>　　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§<br>§ | CIVIL ACTION NO.: _____ |
| GUIDEONE MUTUAL INSURANCE<br>COMPANY AND PAUL ANDERSON<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§ | |

DEFENDANT GUIDEONE MUTUAL INSURANCE
COMPANY'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant GuideOne Mutual Insurance Company ("Defendant" or "GuideOne Mutual Insurance Company"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(a), and would show as follows:

## I.　　INTRODUCTION

1.　　This is an insurance coverage and bad faith case.  On or about October 26, 2015, Plaintiff Criswell College ("Plaintiff") filed its Original Petition in Cause No. DC-15-13082 in the 14th Judicial District Court of Dallas County, Texas, initiating a civil cause of action against GuideOne Mutual Insurance Company ("GuideOne"), David Yount ("Yount") and Paul Anderson ("Anderson") (collectively "Defendants").  Exhibit C.

2.　　Removal is based on diversity jurisdiction because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between Plaintiff and Defendants.

3.　　Plaintiff alleges multiple claims and causes of action against Defendants related to Defendants' handling of an insurance claim submitted by Plaintiff.  Plaintiff specifically alleges breach of contract, non-compliance with Chapters 541 and 542 of the Texas Insurance Code,

breach of duty of good faith and fair dealing, fraud and conspiracy to commit fraud against GuideOne Mutual Insurance Company.  As to Anderson, Plaintiff asserts claims for violations of Chapter 541 of the Texas Insurance Code, as well as fraud and conspiracy to commit fraud. Plaintiff further alleges that Defendants' conduct was committed "knowingly" as that term is defined in the Texas Insurance Code.

4.      GuideOne and Paul Anderson filed their Original Answer on January 6, 2016. Exhibit T. Plaintiff's First Amended Petition was filed on December 2, 2015. GuideOne received Plaintiff's Second Amended Petition on or about July 26, 2016. Exhibit AA. In its Second Amended Petition, Plaintiff removed Defendant Yount as a party, effectively dismissing all claims against him and creating complete diversity between Plaintiff and Defendants.

5.      GuideOne Mutual Insurance Company now files this Notice of Removal based on the grounds asserted herein, and promptly upon the filing of same, is also filing a Notice of Filing Notice of Removal with the state court in which this case was previously pending.

## II.     GROUNDS FOR REMOVAL

6.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the parties involved are citizens of different states, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.      Complete Diversity Exists Between the Parties.

7.      According to Plaintiff's Original Petition, at the time this action was commenced, Plaintiff  was, and still is, domiciled in Dallas County, Texas. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.  *Hollinger v. Home State Mut. Ins. Co.*,  654 F.3d 564 ( 5th Cir. 2011).  A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations

omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, Plaintiff is considered a Texas citizen.

8.   GuideOne Mutual Insurance Company was, at the time this action was commenced, and still is, a citizen of Iowa. GuideOne is incorporated in Iowa with its principal place of business in Des Moines, Iowa. *See* 28 U.S.C. § 1332(b)(1). Thus, GuideOne Mutual Insurance Company is considered a citizen of Iowa.

9.   Defendant Anderson was, at the time this action was commenced, and still is, domiciled in Louisville, Kentucky. In determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship. *Hollinger v. Home State Mut. Ins. Co.*, 654 F.3d 564 (5th Cir. 2011). A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Id.* "Evidence of a person's place of residence . . . is prima facie proof of his domicile." *Id.* (citations omitted). Furthermore, once established, "[a] person's state of domicile presumptively continues unless rebutted with sufficient evidence of change." *Id.* Thus, for purposes of diversity of citizenship, as alleged in Plaintiff's Second Amended Petition, Defendant Anderson is considered a Kentucky citizen. Therefore, complete diversity of citizenship exists between Plaintiff and Anderson.

### B.   Defendant Anderson Consents to Removal.

10.   In accordance with 28 U.S.C. § 1446(b)(2)(A), Defendant Anderson consents to this removal. Exhibit BB.

### C.   The Amount in Controversy Exceeds $75,000.

11.   Additionally, the claims asserted by Plaintiff exceed $75,000.00. Plaintiff's Original, First Amended and Second Amended Petitions specifically state that "the amount in controversy

exceeds the minimum jurisdictional limits of this Court." As alleged in Plaintiff's Second

Amended Petition, Plaintiff seeks "monetary relief over $1,000,000." Exhibit AA.

### III.    VENUE

12.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a)

because this district and division embrace the place in which the removed action was pending, the

14th  District Court of Dallas County, Texas, and a substantial part of the events giving rise to

Plaintiff's claims allegedly occurred in that district.

### IV.    PROCEDURAL REQUIREMENTS

13.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1 of the U.S. District Court for

the Northern District of Texas, the following exhibits are attached and indexed:

| EXHIBIT | DESCRIPTION |
| --- | --- |
| A. | Index of Matters Being Filed |
| B. | Docket Sheet in the state court action |
| C. | Plaintiff's Original Petition filed in the 14th District Court of Dallas County, Texas on October 26, 2015 |
| D. | Plaintiff's Jury Demand filed October 26, 2015 |
| E. | Civil Case Information Sheet filed October 26, 2015 |
| F. | Citation to GuideOne Mutual Insurance Company issued November 3, 2015 |
| G. | Citation to David Yount issued November 3, 2015 |
| H. | Citation to Paul Anderson issued November 3, 2015 |
| I. | Proof of service of Paul Anderson dated November 10, 2015 |
| J. | Plaintiff's Notice of Non-suit as to Defendant Paul Anderson filed November 12, 2015 |
| K. | Proof of service of David Yount dated November 12, 2015 |
| L. | Order of Non-suit as to Defendant Paul Anderson signed November 13, 2015 |

| M. | Court's Notice of Dismissal hearing filed November 18, 2015 |
|---|---|
| N. | Proof of undeliverable mail as to service on GuideOne Mutual Insurance Company filed November 23, 2015 |
| O. | Plaintiff's First Amended Petition filed December 2, 2015 |
| P. | Counsel's payment of fee for citation issuance filed December 9, 2015 |
| Q. | Citation issued as to Paul Anderson on December 14, 2015 |
| R. | Court's Notice of Dismissal hearing filed December 21, 2015 |
| S. | Proof of service of Paul Anderson dated December 18, 2015 and filed December 21, 2015 |
| T. | Defendants' Answer to Plaintiffs' Original Petition filed January 6, 2016 |
| U. | Court's Notice of Trial Setting filed January 11, 2016 |
| V. | Defendant David Yount's Original Answer filed January 18, 2016 |
| W. | All Parties Agreed Motion for Level Three Discovery Control Plan filed February 4, 2016 |
| X. | Court's Uniform Scheduling Order (Level 3) signed February 19, 2016 |
| Y. | Defendants', GuideOne Mutual Insurance Company and Paul Anderson, Certificate of Written Discovery filed February 29, 2016 |
| Z. | Defendant David Yount's First Amended Answer filed April 22, 2016 |
| AA. | Plaintiff's Second Amended Petition filed July 26, 2016 |
| BB. | Defendant Paul Anderson's Consent to Removal |
| CC. | List of Counsel of Record |

14.     This Notice of Removal is being filed within thirty (30) days of service of Plaintiff's Second Amended Petition, and is thus timely filed under 28 U.S.C. §1446(b)(3).  There exists an actual and justiciable controversy between Plaintiff and Defendants GuideOne Mutual Insurance Company and Paul Anderson with regard to the legal issues herein and this controversy is within the jurisdiction of this Court.

15.     Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders and all other filings in the state court action are attached to this Notice.

16.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same.

17.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Removal will be filed with the District Clerk for the 14th Judicial District Court of Dallas County, Texas promptly after filing of same.

18.     Plaintiff has made a jury demand.

## V.     CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant GuideOne Mutual Insurance Company respectfully requests that the above-captioned action now pending in the 14th Judicial District Court of Dallas  County, Texas be removed to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully Submitted,


*/S/ Susan Egeland*
SUSAN EGELAND
State Bar No. 24040854
susan.egeland@sedgwicklaw.com
KRISTEN L. BROYLES
State Bar No. 24090015
kristen.broyles@sedgwicklaw.com
SEDGWICK LLP
1717 Main Street, Suite 5400
Dallas, Texas  75201
(469) 227-8200
(469) 227-8004 (Fax)

**ATTORNEYS FOR DEFENDANTS**
**GUIDEONE MUTUAL INSURANCE COMPANY**
**AND PAUL ANDERSON**


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served to all counsel of record in accordance with the Federal Rules of Civil Procedure on the 28th day of July, 2016.

Humberto G. Garcia
Humberto G. Garcia PLLC
1350 North Loop 1604 East, Suite 104
San Antonio, TX 78232

W.  Lee Calhoun
Jake Rogiers
Speights & Worrich
350 North Loop 1604 East, Suite 104
San Antonio, TX 78232


*/s/ Susan Egeland*
SUSAN EGELAND