EXHIBIT C

FILED
DALLAS COUNTY
10/26/2015 4:20:48 PM
FELICIA PITRE
DISTRICT CLERK

3 CITS-CERT

Christi Underwood

CAUSE NO. DC-15-13082 _____

| | | |
|---|---|---|
| CRISWELL COLLEGE | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| GUIDEONE MUTUAL INSURANCE | § | |
| COMPANY, DAVID YOUNT | § | |
| AND PAUL ANDERSON | § | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Criswell College, hereinafter referred to as "Plaintiff," complaining of Defendants, GuideOne Mutual Insurance Company, David Yount and Paul Anderson (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Criswell College, is an individual and resident of Texas.

Defendant, GuideOne Mutual Insurance Company ("GuideOne"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. It can be served with citation by serving its registered agent, CT Corporation System, by certified mail, return receipt requested, at 350 North Saint Paul Street, Dallas, Texas 75267.

1

Defendant, <u>David Yount</u> ("Yount"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at <u>5584 Justine Place, Fort Worth, Texas 76126,</u> or wherever else he may be found.

Defendant, <u>Paul Anderson</u> ("Anderson"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at <u>302 Stanford Dr., Forney, Texas 75126</u> or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Dallas County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Dallas County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiff is the holder of insurance Policy Number 128774 issued by the Defendant GuideOne and Plaintiff owned the insured properties specifically located at 4010 Gaston Ave., Dallas, Dallas County, Texas 75246; 4024 Gaston Ave., Dallas, Dallas County,

2

Texas 75246; 426-428 E. Lamar Blvd., Arlington, Tarrant County, Texas 76011; and 430 E. Lamar Blvd., Arlington, Tarrant County, Texas 76011, on June 13, 2012.

B.   The properties located at 4010 Gaston Ave., Dallas, Dallas County, Texas 75246; 4024 Gaston Ave., Dallas, Dallas County, Texas 75246; 426-428 E. Lamar Blvd., Arlington, Tarrant County, Texas 76011; and 430 E. Lamar Blvd., Arlington, Tarrant County, Texas 76011, will hereinafter be referred to as "Properties."

C.   Defendant or its agent sold the Policy, insuring the Properties, to Plaintiff.

D.   On or about June 13, 2012, a severe wind and hailstorm struck the Dallas, Texas and Arlington, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiff's Properties.

E.   In the aftermath of the wind and hailstorm, Plaintiff submitted claims to Defendant against the Policy for roof damage, hail damage, and water damage the Properties sustained as a result of the wind and hailstorm. Plaintiff asked that Defendant cover the cost of repairs to the Properties pursuant to the Policy and any other available coverages under the Policy.

F.   Defendant has assigned claim number AA006024 to Plaintiff's claim of damage to Plaintiff's properties.

G.   Defendant Yount and Anderson were the agents for GuideOne and represented GuideOne in regard to Plaintiff's claim. Yount and Anderson also adjusted the Plaintiff's claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim. As such, Yount and Anderson acted as insurance adjusters engaged in the business of insurance with respect to the Plaintiff's insurance claim. Therefore, Yount and Anderson are "persons" who are individually liable for their unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA.

Furthermore, Yount and Anderson acted as the agents and representatives for GuideOne in this claim.

H.     Defendant Yount and Anderson improperly adjusted the Plaintiff's claim. Defendant Yount and Anderson conducted a substandard inspection, which is evidenced in their reports, which failed to include many of Plaintiff's damages.[1]  Their estimate did not allow adequate funds to cover repairs to restore Plaintiff's properties.  Without limitation, Yount and Anderson misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Properties, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Yount and Anderson made these and other misrepresentations to Plaintiff as well as to GuideOne.  Plaintiff and GuideOne both relied on Yount and Anderson's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Properties, and Plaintiff has been damaged as a result of such reliance.  Yount and Anderson's misrepresentations caused GuideOne to underpay Plaintiff on its insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's properties.  This has caused additional, further damage to Plaintiff's properties.

I.     GuideOne, Yount and Anderson misrepresented that the damages caused by the hail and windstorm were below the Policy deductible. However, GuideOne, Yount and Anderson's representations were false because Plaintiff's wind and hailstorm damages exceed $5,634.000.00.

---

[1] *See Exhibit A: Defendant Yount's Adjustment Report 5/20/14, Defendant Anderson's Denial Letter 5/21/14, and Defendant Anderson's Redacted E-mail outlining Defendant Yount's findings 5/21/14.*
[2] *Id.*

J.     Defendants GuideOne, Yount and Anderson failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.     These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

L.     Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Properties.

M.     Defendant GuideOne failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Properties and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.     Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not

communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

Q.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Properties. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.    Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.    Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

6

U.    Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for its claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.    From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.    Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Properties were damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against GuideOne, Yount and Anderson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against GuideOne, Yount and Anderson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

8

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA.  Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA.  Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights,

remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policy. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.   Cause of Action for Unfair Insurance Practices Against GuideOne, Yount and Anderson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.  Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.  Engaging in unfair claims settlement practices;

C.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.  Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.  Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.  Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against GuideOne, Yount and Anderson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**F.  Cause of Action for Fraud Against GuideOne, Yount and Anderson**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were

material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to its detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim. As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's properties and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim

against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.  In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $1,000,000.00.   Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiff is entitled to recover these attorneys' fees under Chapter 38

of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII.  JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216.   Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section      51.604.

## XII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendant discloses, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

## XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

**HUMBERTO G. GARCIA, PLLC**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
HUMBERTO G. GARCIA
Texas State Bar No. 07636620
humberto@speightsfirm.com

**SPEIGHTS & WORRICH**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
W. LEE CALHOUN
Texas State Bar No.24087360
lee@speightsfirm.com
JAKE ROGIERS
Texas State Bar No. 24069066
jake@speightsfirm.com

**ATTORNEYS FOR PLAINTIFF**

# US Adjusting Services
3109 Skyway Circle North,
Irving, Texas 75038

| Description | Quantity | Unit Price | Per | RC | Dep. % | Depreciation | ACV |
|---|---|---|---|---|---|---|---|
| **ESTIMATE:** Structure | | | | Claim #AA006024-2, (CRISWELL COLLEGE) | | | |
| 📄 Completed | | | | | | | |
| 🏠 **ROOFPLAN: BUILDING — LR (012,009,001)** | | | | | | | |
| G🏠 **BUILDING — LR (012,009,001)** | | | | | | | |
| Replacement line items have been depreciated by estaimted age (10 years) and condition. | | | | | | | |
| 1 Comb Condenser Fins Large | 8 | $123.71 | EA | $989.68 | | $0.00 | $989.68 |
| 2 HVAC Bid | 8 | $216.90 | LS | $1,735.20 | | $0.00 | $1,735.20 |
| ☐ Allowance to replace roof top a/c unit covers. | | | | | | | |
| 3 Parapet Wall Cap - Remove | 231.00 | $0.51 | LF | $117.81 | | $0.00 | $117.81 |
| 4 Parapet Wall Cap - Replace | 242.55 | $4.53 | LF | $1,098.75 | 66.67% | $732.54 ✓ | $366.21 |
| ☐ Includes 5% waste on quantity. | | | | | | | |
| 5 Roof Vent, Powered Large - Remove | 1 | $37.44 | EA | $37.44 | | $0.00 | $37.44 |
| 6 Roof Vent, Powered Large - Replace | 1 | $246.44 | EA | $246.44 | 40% | $98.53 ✓ | $147.86 |
| ☐ Allowance to replace powered exhaust vent cover. | | | | | | | |
| **BUILDING — LR (012,009,001) - Subtotal** (7 items) | | | | **$4,225.32** | | **$831.12** | **$3,394.20** |
| **BUILDING — LR (012,009,001) - Subtotal** (7 items) | | | | **$4,225.32** | | **$831.12** | **$3,394.20** |
| | | | | | | | |
| 🏠 **ROOFPLAN: BUILDING — LR (012,008,001)** | | | | | | | |
| G🏠 **BUILDING — LR (012,008,001) 2** | | | | | | | |
| 7 Comb Condenser Fins Large | 2 | $123.71 | EA | $247.42 | | $0.00 | $247.42 |
| 8 Parapet Wall Cap - Remove | 225.00 | $0.51 | LF | $114.75 | | $0.00 | $114.75 |
| 9 Parapet Wall Cap - Replace | 236.25 | $4.53 | LF | $1,070.22 | 66.67% | $713.52 ✓ | $356.70 |
| ☐ Includes 5% waste on quantity. | | | | | | | |
| 10 Roof Vent, Powered Large - Remove | 1 | $37.44 | EA | $37.44 | | $0.00 | $37.44 |
| 11 Roof Vent, Powered Large - Replace | 1 | $246.44 | EA | $246.44 | 40% | $98.58 ✓ | $147.86 |
| ☐ Allowance to replace powered exhaust vent cover. | | | | | | | |
| **BUILDING — LR (012,008,001) 2 - Subtotal** (5 items) | | | | **$1,716.27** | | **$812.10** | **$904.17** |
| **BUILDING — LR (012,008,001) - Subtotal** (5 items) | | | | **$1,716.27** | | **$812.10** | **$904.17** |
| | | | | | | | |
| 🏠 **EXTERIOR PLAN: Radio Studio Exterior** | | | | | | | |
| G🏠 **General Items** | | | | | | | |
| 12 Comb Condenser Fins Large | 3 | $123.71 | EA | $371.13 | | $0.00 | $371.13 |
| **General Items - Subtotal** (1 item) | | | | **$371.13** | | **$0.00** | **$371.13** |
| **Radio Studio Exterior - Subtotal** (1 item) | | | | **$371.13** | | **$0.00** | **$371.13** |



EXHIBIT
A

**ESTIMATE:** Structure           Claim #AA006024-2, (CRISWELL COLLEGE)

📄 Completed

| | |
|---|---:|
| Total Materials: | $2,787.58 |
| Total Labor: | $3,525.14 |
| **Replacement Cost Value:** | **$6,312.72** |
| | |
| Replacement Cost on Coverage Building - LR (012,008,001): | $1,716.27 |
| Less Recoverable Depreciation: | $(812.10) |
| **Net ACV on Coverage Building - LR (012,008,001):** | **$904.17** |
| **Amount Payable on Coverage Building - LR (012,008,001):** | **$904.17** |
| Net Coverage Building - LR (012,008,001) after Deductible if Depreciation Is Recovered: | $1,716.27 |
| **Amount Payable on Coverage Building - LR (012,008,001) if Depreciation Is Recovered:** | **$1,716.27** |
| | |
| Replacement Cost on Coverage Building - LR (012,009,001): | $4,225.32 |
| Less Recoverable Depreciation: | $(831.12) |
| **Net ACV on Coverage Building - LR (012,009,001):** | **$3,394.20** |
| **Amount Payable on Coverage Building - LR (012,009,001):** | **$3,394.20** |
| Net Coverage Building - LR (012,009,001) after Deductible if Depreciation Is Recovered: | $4,225.32 |
| **Amount Payable on Coverage Building - LR (012,009,001) if Depreciation Is Recovered:** | **$4,225.32** |
| | |
| Replacement Cost on Coverage Radio Studio (013,010,001): | $371.13 |
| **Net ACV on Coverage Radio Studio (013,010,001):** | **$371.13** |
| **Amount Payable on Coverage Radio Studio (013,010,001):** | **$371.13** |
| | |
| Deductible: | $(10,000.00) |
| **Net Estimate:** | **$(5,330.50)** |
| | |
| Total Recoverable Depreciation: | $1,643.22 |
| **Net Estimate if Depreciation is Recovered:** | **$(3,687.28)** |

Finalization


**GuideOne**
Insurance

May 21, 2014

Criswell College
4010 Gaston Blvd
Dallas, TX. 75246

Re:   Insured:          Criswell College
      Claim Number:     AA006024
      Policy Number:    128774
      Date of Loss:     5/25/12

Dear Mr. Brooks:

This letter will confirm our findings which resulted from a physical inspection of your property.  A copy of the estimate is attached to this letter.  The Estimate of damage is below your $10,000.00 deductible.  As the damage was below your policy deductible, we will be closing this claim file without a payment.

We ask that you notify us immediately if we have relied upon incorrect facts or if there are additional claims being made.

It is your duty as a property owner and under this policy to mitigate further damage to the building by repairing the damages in a timely manner. Any damages caused because you failed to protect your property from damage could be excluded under this policy.

We are committed to providing our customers with excellent service. Should you have questions regarding your claim, we encourage you to review your policy, but please do not hesitate to call me and I will be happy to assist you.

With kindest regards,

GuideOne Mutual Insurance


Paul Anderson
Adjuster

Phone: 888-748-4326 Ext 4006


The State of Texas requires the following language be included on all claims correspondence:
"Any person who knowingly presents a false or fraudulent claim for the payment of a loss is guilty of a crime and may be subject to fines and confinement in state prison."
7-11 TX

From: **Draper & Sons - Ian Lawson** Ian@draperandsons.com
Subject: Fwd: AA006024 I Draper & Sons I Criswell College Arlington Real Estate
Date: May 22, 2014 at 3:49 PM
To: benjamin@speightsfirm.com

-----Original Message-----
From: Anderson, Paul [mailto:PGAnderson@guideone.com]
Sent: Wednesday, May 21, 2014 10:38 AM
To: Brooks, Jerry
Subject: AA006024

Jerry, attached please find estimate and below deductible letter per you voice mail message.

Below is an outline of the David Yount findings

BUILDING - LR (012,009.001)

ROOF: Accessed the 2 story flat roof covered in Modified Bitumen material that was approx. 10-15 yrs old. An area at the North end of building that was the subject of a prior fire loss appears to be approx. 2-5 yrs old. No evidence of damaging wind or hail impacts was observed to the roofing membrane. Inspection completed to all roof top a/c units and found impacts and spatter marks to all, with the exception of the units located above prior fire loss area which no impacts were found. This may indicate that the damaging hail impacts to the units would be approx. 2-5 years old. In addition, the metal parapet wall cap above the North end was found to be clear of any denting, while denting was observed to the remaned of the wall cap. A test square was performed and no damaging hail impacts were observed. Hail spatter was observed to a/c unit covers and appears to have ranged in the 1/4" to 3/4" size. These spatter marks would indicated that this size of hail has most recently impacted the property approx. 1 month to 1 year prior to inspection. No wind or hail damage was observed to the concrete tile roof slopes that face East and West.

EXTERIOR: No hail impact or wind damage was observed.
INTERIOR: No water intrusion reported by insured.

BUILDING – LR (012,008.001):

ROOF: Accessed the 2 story flat roof covered in Modified Bitumen material that was approx. 10-15 yrs old. An Aluminum Coating has

been applied to most of the roof surface and appears to be approx. 2-3 years old. No evidence of damaging wind or hail impacts was observed to the roof coating or membrane. Inspection completed to all roof top a/c units and found impacts and spatter marks. This may indicate that the damaging hail impacts to the units would be approx. 2-5 years old. A test square was performed and no damaging hail impacts were observed. Hail spatter was observed to a/c unit covers and appears to have ranged in the 1/4" to 3/4" size. These spatter marks would indicated that this size of hail has most recently impacted the property approx. 1 month to 1 year prior to inspection. No wind or hail damage was observed to the concrete tile roof slopes that face North and West.

EXTERIOR: No hail impact or wind damage was observed.
INTERIOR: No water intrusion reported by insured.

RADIO STUDIO – (013,010,001):

ROOF: Accessed the 2 story flat roof covered in Modified Bitumen and Built-up material as well as a Gravel Ballast that was approx. 10-15 yrs old. No evidence of damaging wind or hail impacts was observed to the roof surface. Inspection completed to all roof top a/c units and found no impacts. All units are surrounded by a parapet wall and may have provided protection from wind/hail.

EXTERIOR: East facing a/c units were found to have impacts to the fins.
INTERIOR: No water intrusion reported by insured

Thanks

PAUL ANDERSON I GUIDEONE INSURANCE
PROPERTY SENIOR ADJUSTER
P.O. Box 14543 I West Des Moines, IA 50306
P: 866-748-4326, ext. 4006 I E: PGAnderson@guideone.com I F: 800-676-4457 GUIDEONE.COM I FACEBOOK I TWITTER I
SAFECHURCH

DISCLAIMER: This message and accompanying documents are covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, and contains information intended for the specified individual(s) only. This information is confidential. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, copying, or the taking of any action based on the contents of this information is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message,



below deductible
AA006024.doc

